IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NAUTILUS INSURANCE COMPANY,        )
                                   )
              Plaintiff,           )
                                   )
     v.                            )    No.  08 C 6180
                                   )
FILMAR, INC. OF CHICAGO, etc.,     )
et al.,                            )
                                   )
              Defendants.          )

## MEMORANDUM OPINION AND ORDER

Nautilus Insurance Company ("Nautilus") has filed a declaratory judgment action--now represented by its Amended Complaint for Declaratory Judgment ("AC")--for these purposes stated in its prayer for relief:

> A.  That this Court determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy.
>
> B.  That this Court find and declare that the Nautilus Policy does not potentially or actually cover any portion of the claims against Scott in the Clark Lawsuit.
>
> C.  That this Court find and declare that Nautilus has no duty to defend Scott in connection with the Clark Lawsuit.
>
> D.  That this Court grant such other and further relied [sic - should be "relief"] as it deems proper under the evidence and circumstances.

As for the abbreviated terms in that prayer, which this memorandum opinion and order will also employ:

> 1.  "Nautilus Policy" is Policy No. NC184464 (AC Ex. D), issued by Nautilus to Filmar, Inc. of Chicago

("Filmar") and covering a policy period from August 7, 2003 to August 7, 2004. As a matter of convenience, this opinion will refer to the Nautilus Policy as simply the "Policy" (there being no other insurance policy involved in this litigation).

    2. "Scott" is Randy Scott.

    3. "Clark Lawsuit" is Circuit Court of Cook County, Illinois Case No. 08 L 003397 brought by Brinkley Clark ("Clark") against Scott and Filmar.

Nautilus and Clark have now filed Fed. R. Civ. P. 56 cross-motions for summary judgment (Scott, who is serving an 18-year prison term resulting from his conviction for the attempted murder of Clark, has defaulted, while Filmar has appeared and answered but is essentially a bystander in connection with the current cross-motions). Following the completion of the briefing on the cross-motions, Clark has also cited and furnished a copy of additional authority--the very recent opinion of the Illinois Appellate Court for the First District in <u>Country Mut. Ins. Co. v. Olsak</u>, 2000 WL 1361596 (1st Dist. May 13)--in claimed support of his position.

Even though the cross-submissions address several issues and are thus somewhat bulky, analysis reveals the case to be a simple one. Though the parties cross swords over whether Scott was insured under the Policy at all, for present purposes he can

2

surely be viewed either as a Filmar "employee" or at worst a "voluntary worker"--in either case enough to bring him within the Policy's Section II definition of "insured." Nor is there any need to parse the Policy's definition of "occurrence," which the Policy's Commercial General Liability Coverage Form ("Form," which is the relevant part of the Policy for purposes of this litigation) Section ¶13 defines as "an accident" (in that respect, Nautilus contends persuasively that the "accident" concept cannot apply to Scott's intentional stabbing of Clark, which is the gravamen of the Clark Lawsuit and also led to Scott's conviction for attempted first-degree murder).

Instead the absence of coverage that is most cogently urged by Nautilus stems from this express exclusion in Form Section I ¶2.a:

2. Exclusions

This insurance does not apply to:

a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Analysis of that exclusion readily confirms that the harm suffered by Clark was indeed "expected or intended" from Scott's standpoint. First of all, the two counts in the Clark Lawsuit that target Scott expressly charge him with having stabbed Clark

3

"multiple times...intending to cause harm or the imminent apprehension of such harm" (Count V) and with wilful and wanton conduct in that respect (Count VI). And second, as already stated, Scott was tried and convicted of attempted first degree murder as a result of that stabbing.

That being so, Nautilus properly relies on the comprehensive opinion and decision in Am. Family Mut. Ins. Co. v. Savickas, 193 Ill.2d 378, 739 N.E.2d 445 (2000), which unanimously overruled the Illinois Supreme Court's earlier decision in Thornton v. Paul, 74 Ill.2d 132, 384 N.E.2d 335 (1978) to hold that a criminal conviction can collaterally estop[1] the retrial of issues in a later civil trial that were actually litigated in the criminal trial. Savickas could well have been written for this case, for the policy exclusion there was identical to the one quoted in this opinion and all of the preconditions to the applicability of the collateral estoppel doctrine set out there are also satisfied here.

Here then is the ultimate holding announced in Savickas, 193 Ill.2d at 391, 739 N.E.2d at 453 following the thoughtful analysis there, with the names of the present litigants

---

[1] As this Court's opinions regularly state, this Court's preference in this area of law is to employ the terminology of "issue preclusion" and "claim preclusion" to denote what many courts continue to refer to as "collateral estoppel" and "res judicata"--see Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)

4

substituted for those in Savickas:

> We find that [Nautilus] may collaterally estop [Scott] with his criminal conviction. In the criminal prosecution it was established that [Scott] intended the harm which is the subject of the underlying suit. Accordingly, that harm falls within a policy exclusion, and [Nautilus] has no duty to defend [Scott].

If anything, this case is even more damning to Clark's position that Savickas, for that case involved alternative claims of negligence and intentional tort on the part of the insured, while here Clark's complaint against Scott rests solely on the latter's intentional misconduct (an understatement).

There is really no need to elaborate, for reading the Savickas opinion leaves no room for doubt that collateral estoppel--issue preclusion--blocks Policy coverage as to Scott. And nothing in the Country Mut. Ins. opinion just adduced by Clark alters that result, not only because of the obvious principle that no intermediate Illinois Appellate Court can trump the state Supreme Court but also because a reading of the Country Mut. Ins. case discloses distinguishing factors that are absent from the all-fours decision in Savickas.

## Conclusion

Unsurprisingly, given the filing of cross-motions for summary judgment by the parties, there are no genuine issues of material fact that inhibit this Court's ability to decide those motions as a matter of law. Because the Policy unquestionably excludes any coverage of Scott under the undisputed facts,

Nautilus' motion for a judgment as a matter of law is granted, while Clark's is of course denied. As Nautilus has requested in its prayer for relief:

    1. This Court has determined and adjudicated the rights and liabilities of the parties with respect to the Policy.

    2. This Court has found and declares that the Policy does not potentially or actually cover any portion of the claims against Scott in the Clark Lawsuit.

    3. This Court has further found and declares that Nautilus has no duty to defend Scott in connection with the Clark Lawsuit.

These rulings have resolved all issues posed by this action, so that this is a final judgment order.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date: June 9, 2009